IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02699-CMA-MEH

GABRIEL W. MARTINEZ, and
THOMAS A. CARLLON,

      Plaintiffs,

v.

BILL RITTER, in his official capacity as Governor of the State of Colorado, and
JOHN W. SUTHERS, in his official capacity as Attorney General of the State of Colorado,

      Defendants.

---

## RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

---

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Subject Matter Jurisdiction [filed February 26, 2010; docket #23]. The matter is referred to this Court for recommendation. (Docket #24.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **RECOMMENDS** that Defendants' Motion be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

Plaintiffs initiated this action *pro se* on November 17, 2009. In Plaintiffs' original complaint, they named as Defendants the State of Colorado; Bill Ritter, Governor of the State of Colorado; and John W. Suthers, Colorado Attorney General, the latter two in their official capacities. Plaintiffs filed an Amended Complaint on February 9, 2010, which eliminated the State of Colorado as a Defendant, and also eliminated claims for damages. (Docket #22.) In their Amended Complaint, Plaintiffs allege that Amendment 43 to the Colorado Constitution, Colo. Const. art. 2, § 31, violates the Fourteenth Amendment and the Full Faith and Credit Clause of the United States Constitution. (*Id.* at 3, 12, 15-17.) Specifically, Plaintiffs, both men, argue that Amendment 43 denies them the opportunity to be married in Colorado. (*Id.* at 15-16.) *See* Colo. Const. art. 2, § 31 ("Only a union of one man and one woman shall be valid or recognized as a marriage in this state.").

Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Subject Matter Jurisdiction. (Docket #23.) Defendants argue that Plaintiffs do not have constitutional standing to pursue their claims, and that the Court must dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

## STANDARD OF REVIEW

### I.    *Dismissal under Fed. R. Civ. P. 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject-matter jurisdiction. Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909

(10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73 (10th Cir. 1962), *cert. denied*, 372 U.S. 928 (1963)).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, the Plaintiffs in this case bear the burden of establishing that this Court has jurisdiction to hear their claims. Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart*, 271 F.3d at 1225.

## II.    *Construction of a Pro Se Complaint*

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). In other words, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

## ANALYSIS

In this lawsuit, Plaintiffs attack the constitutionality of Amendment 43. Plaintiffs assert that they have been denied a marriage license in Colorado. Plaintiffs further contend that a recent Colorado Court of Appeals decision, *In re Marriage of Martinez & Martinez*, No. 07CA0073, (Colo. Ct. App. Nov. 21, 2007), regarding Plaintiff Martinez's monetary duties to his former wife, placed the "obligations and responsibilities of marriage" on Plaintiffs. (Docket #22 at 12, ¶ 60; *see also id.* at 45 (text of Colorado Court of Appeals case).) This alleged disparity between a denial of the "benefits" of marriage while an assignment of the "burdens" appears to be the crux of Plaintiffs' arguments. Although Plaintiffs do not explicitly ask for any relief regarding the Colorado Court of Appeals decision, the vast majority of the Amended Complaint appears to relate primarily to the results of that decision.

## I.      *The Rooker-Feldman Doctrine*

Because Plaintiffs focus on the results of the Colorado Court of Appeals decision, and in light of the Court's obligation to construe the *pro se* Amended Complaint liberally, this Court discusses Plaintiffs' allegations of harms flowing from the Colorado Court of Appeals decision. Although Defendants do not raise the *Rooker-Feldman* doctrine in their Motion to Dismiss, they do so in their Reply. (Docket #27 at 1-4.) The Court agrees with Defendants that if Plaintiffs are asking the Court to review the Colorado Court of Appeals decision, or to remedy any alleged harms resulting from that decision, the *Rooker-Feldman* doctrine precludes such review or remedy.

The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be

appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights"). The doctrine is limited in its scope and is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1142-43 (10th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Thus, the doctrine divests a district court of jurisdiction where (1) the party against whom the doctrine is invoked was a party in the previous proceeding, (2) the claim in the federal suit was actually raised or is "inextricably intertwined with" the state court judgment, and (3) the federal claim is not merely parallel to the state court claim. *Lance v. Dennis*, 546 U.S. 459, 462 (2006). In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)

Though Plaintiffs do not explicitly ask for relief regarding the Colorado Court of Appeals decision, the majority of their alleged injuries relate directly to that decision. For example, Plaintiffs allege that the Colorado Court of Appeals decision was inconsistent with Amendment 43, it imposed marital status on the Plaintiffs, it ignored contracts between Plaintiffs, and it created financial hardships for both Plaintiffs, among other alleged harms. (*See* docket #22 at 8-19.) The Colorado Supreme Court denied certiorari upon Plaintiffs' appeal, thus the Court of Appeals decision is a final state court judgment. (*Id*. at 6.) Any relief addressing these alleged harms would be tantamount to a review of the Colorado Court of Appeals decision. As stated, *Rooker-Feldman* prevents lower federal courts from deciding "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Therefore,

the alleged harms to Plaintiffs arising from the Colorado Court of Appeals' decision, rather than Amendment 43, are not relevant to this Court's present analysis of Defendants' Motion to Dismiss.

## II.    *Standing*

In order for this Court to have subject-matter jurisdiction over this action, Plaintiffs must satisfy the requirements of constitutional standing. Standing requires Plaintiffs to "allege (and ultimately prove) that they have suffered an 'injury in fact,' that the injury is fairly traceable to the challenged action of the Defendants, and that it is redressable by a favorable decision." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Plaintiffs contend that they were denied a marriage license by the Jefferson County Clerk on September 25, 2009. (Docket #22 at 5, ¶ 18.) Application for and denial of a license suffices as an injury-in-fact. *See Parker v. District of Columbia*, 478 F.3d 370, 376 (D.C. Cir. 2007) ("[T]he formal process of application and denial, however routine, makes the injury to Heller's alleged constitutional interest concrete and particular. . . . [H]e is asserting a right to a registration certificate, the denial of which is his distinct injury."), *aff'd sub nom. District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). *See also N.E. Fla. Chapter of Assoc. Gen. Contractors of Am. v. Jacksonville*, 508 U.S. 656, 666 (1993); *Citizens for Equal Protection v. Bruning*, 455 F.3d 859, 863 (8th Cir. 2006).

Plaintiffs must also satisfy the causation and redressability requirements of constitutional standing. The Court finds that they have not done so. Plaintiffs name the Governor and the Attorney General of the State of Colorado, in their official capacities, as Defendants. However, Plaintiffs fail to demonstrate any causal connection between the harms they allege and the Defendants they sue. These particular Defendants retain no specific duty to enforce Amendment 43, and Defendants' general duties to enforce state law do not make them the proper objects of a suit

to challenge the amendment's constitutionality. *Bishop v. Oklahoma*, 333 F. App'x 361, 365 (10th Cir. 2009) (unpublished) ("the Oklahoma officials' generalized duty to enforce state law, alone, is insufficient to subject them to a suit challenging a constitutional amendment they have no specific duty to enforce"); *Bronson v. Swensen*, 500 F.3d 1099, 1111 (10th Cir. 2007) ("The redressability prong is not met when a plaintiff seeks relief against a defendant with no power to enforce a challenged statute."). *See also Women's Emergency Network v. Bush*, 323 F.3d 937, 949-50 (11th Cir. 2003); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 330-31 (4th Cir. 2001); *Okpalobi v. Foster*, 244 F.3d 405, 416-17 (5th Cir. 2001) (en banc); *1st Westco Corp. v. Sch. Dist. of Phila.*, 6 F.3d 108, 113 (3d Cir. 1993).

Defendants have no specific duty as to the issuance of marriage licenses or enforcement of Amendment 43. Marriage licenses are within the purview of state district court clerks. *See* Colo. Rev. Stat. §§ 14-2-106 to -107. A court clerk is an "officer of the court," thus a member of the *judicial* branch of the government of Colorado. *People v. Luxford*, 207 P. 477, 478 (1922). A suit against the Governor and the Attorney General, two officials of the *executive* branch of Colorado's government, does not demonstrate the requisite causal connection or potential for redressability necessary for Plaintiffs to have constitutional standing. *E.g.*, *Bishop*, 333 F. App'x at 365. Neither the Governor nor the Attorney General was involved in the denial of Plaintiffs' application for a marriage license. *See Winsness v. Yocom*, 433 F.3d 727, 737 (10th Cir. 2006) ("Whatever injury Mr. Winsness has suffered as a result of the citation and criminal record, the Defendants in this case—the Governor, Attorney General, and Salt Lake County prosecutors—had nothing to do with it."). Additionally, because granting marriage licenses falls within the authority of the judicial branch, granting relief as to these Defendants would "be a meaningless gesture," for they do not control the actions of the judicial branch. *See Bronson*, 500 F.3d at 1112. For these reasons, Plaintiffs do not meet the causation and redressability requirements of constitutional standing.

## **CONCLUSION**

Accordingly, this Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Subject Matter Jurisdiction be **GRANTED**[2] and Plaintiffs' Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.[3]

Dated at Denver, Colorado, this 9th day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

[3]Dismissal on the bases of *Rooker-Feldman* and lack of standing is jurisdictional, thus resulting in dismissal without prejudice. *Harrington v. Wilson*, 242 F. App'x 514, 516-17 (10th Cir. 2007) (unpublished) (citations omitted). *See also* Bishop, 333 F. App'x at 365.